### 3855.  GURLEY *v.* THE STATE.

The evidence, though circumstantial, authorized the conviction of the defendant; and the assignments of error as to the admission of testimony, and as to the argument of counsel for the State, are immaterial.

DECIDED APRIL 2, 1912.

Indictment for larceny from house; from Wilkes superior court —Judge Walker. October 20, 1911.

*P. L. Smith, I. T. Irvin Jr.,* for plaintiff in error.

*Thomas J. Brown, solicitor-general, R. C. Norman,* contra.

RUSSELL, J. The plaintiff in error, Charlie D. Gurley, was indicted jointly with Pat Gurley for the offense of larceny from the house. The theft of $200 in money and of an ancient German coin said to be worth $400 was charged in the accusation. Charlie Gurley defended by proof of an alibi. The theft was alleged to have been committed on the night of May 12, and testimony was adduced to the effect that he was at a boarding-house in Elberton that night for supper and after supper, and was in his room at the boarding-house early the next morning. The distance from Elberton to the scene of the larceny was between 40 and 45 miles. The strongest incriminatory circumstance against the accused was his statement, a short time before the larceny, that he knew where there was $1,000 in a trunk, and no one living in the house except a man and a woman. The evidence showed that the prosecutor and his sister lived alone in the house in which this larceny was committed, and kept their money in a trunk. It was also shown that the defendant Pat Gurley, who was a brother of the defendant Charlie Gurley, boarded with the prosecutor and was thoroughly familiar with the premises.

It was further shown that Charlie Gurley made a contradictory statement as to his presence in Wilkes county about the time of the larceny, having denied that he was in Wilkes county about that time. The State produced evidence to the effect that while the prosecutor and his sister were at supper, some one entered the room where the trunk containing the prosecutor's title deeds and other valuable papers, as well as his money, was kept, and carried out the trunk containing them. It was too dark that night to find the trunk, but on the next morning tracks were discovered which were similar to those made by the shoes of the accused, and, some distance down the road, the trunk, which had been broken open, was found. There was blood on the trunk, and it was shown that Charlie Gurley, about the same time, had a fresh wound upon his hand, which had bled. The evidence of his guilt was not conclusive, but we think the fact that the house was entered by one thoroughly familiar with the surroundings, the fact that the two brothers were together at different places about the time of the larceny, and that Pat Gurley fled and has not been arrested, taken in connection with the blood upon the trunk and the wound upon the hand of Charlie Gurley, are sufficient to authorize the inference of Charlie Gurley's guilt.

Exception is taken to the admission of testimony from the sheriff of Hart county, to the effect that he has been unable to locate or arrest the defendant Pat Gurley, the ground of objection being that this evidence was irrelevant and prejudicial, because Charlie Gurley alone was on trial. This ground of the motion is not fully approved by the court, and for that reason can not be considered.

In the motion for a new trial complaint is made that the judge permitted the counsel for the State to comment on some poetry written in the back of the guest register of the boarding-house. We fail to see the relevancy of this poetry in the back of the register, and think that counsel could properly have been required to discontinue the comments on it, but there is nothing in the assignment of error which enables us to judge of the nature of the comments, or to decide that they were injurious to the plaintiff in error. The comments may have been a mere matter of pleasantry, and consequently of no pith or moment in affecting the consideration of the jury.

There was no error in the charge of the court upon the subject

of the conflict in testimony. The court's statement, "If you find any conflict and you can not reconcile it so as to give effect to all the testimony presented, then you take the entire testimony, run over it, and glean from it the truth, and wherever you find the truth of the transaction to be between the charges in the indictment and the defendant's plea of not guilty, let it control, shape, and mould your verdict," is in accord with the true rule as to the jury's doubt where there is conflict in the testimony.

*Judgment affirmed. Pottle, J., not presiding.*